# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AARON WITTKAMPER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:10-cv-1279-WTL-DKL |
| | ) |
| INDIANA ATTORNEY GENERAL, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Aaron Wittkamper for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I.

### A.

In a proceeding docketed as No. 33A05-1002-CR-51, Wittkamper was convicted in an Indiana state court of possession of a device by an incarcerated person. This conviction was entered through a plea bargain between Wittkamper and the State of Indiana relative to charges filed on July 19, 2007, of possession of a device by an incarcerated person as a class B felony, rioting, and criminal mischief.

The plea agreement to which reference has been made provided that Wittkamper would be sentenced to the Indiana Department of Correction for a term of three (3) years. On June 30, 2008, the trial court accepted the plea agreement, accepted Wittkamper's plea, found him guilty, and sentenced Wittkamper to a term of confinement of three (3) years. Neither the plea agreement nor the trial court's sentencing order specified whether the three year sentence was to be served consecutively or concurrently to Wittkamper's current prison sentence in the State of Arizona.

On July 28, 2008, the trial court amended the sentencing order to reflect that Wittkamper's 3-year sentence was to be served consecutively "to any sentence previously imposed in the State of Arizona."

**B.**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

**C.**

The facts pertinent to the computation of the statute of limitations are the following:

● Wittkamper was sentenced on June 30, 2008.

● On July 28, 2008, the trial court added language to its sentencing order directing that its sentence was to be served consecutively to any sentence previously imposed in the State of Arizona.

● On September 14, 2009, Wittkamper filed a motion claiming that the amended sentencing order of a consecutive sentence was erroneous under Indiana Code § 35-38-1-15. On November 11, 2009, the trial court denied Wittkamper's motion

● On December 4, 2009, Wittkamper sent a "Petition for Review" to the Indiana Court of Appeals. The Indiana Court of Appeals sent a letter to Wittkamper noting that no Notice of Appeal had been filed and informing him that a notice is required to initiate an appeal pursuant to Indiana Appellate Rule 9.

● On February 17, 2010, Wittkamper filed a Notice of Appeal with the trial court. The trial court sent Wittkamper an order denying the filing of his notice. On February 25, 2010, Wittkamper's trial attorney filed a motion to withdraw, which was granted that same day.

● On March 29, 2010, Wittkamper filed a Notice of Appeal in the trial court to challenge the amended sentencing order. On July 2, 2010, the Indiana Court of Appeals dismissed Wittkamper's appeal because he failed to timely file a notice of appeal. Wittkamper sent a "petition" to the Indiana Supreme Court asking that it reverse the Indiana Court of Appeals' dismissal of his appeal. However, Wittkamper's petition failed to comport with the filing requirements provided in the Indiana Appellate Rules and therefore was never deemed filed by the Indiana appellate courts.

● On October 12, 2010, Wittkamper filed a petition for a writ of habeas corpus with this court, which was signed on October 7, 2010.

**D.**

The legal significance of the foregoing facts is the following:

● Wittkamper's conviction was "final" for purposes of the AEDPA not later than August 29, 2008, because this was the last date on which Wittkamper could have filed a timely direct appeal from the amended sentencing order issued by the trial court on July 28, 2008. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005).

● The statute of limitations established by 28 U.S.C. 2244(d) began to run on August 30, 2008, and expired one year later on August 31, 2009.

● Wittkamper's first challenge to the amended sentencing order was filed on September 14, 2009. By that time, the statute of limitations had expired. Accordingly, Wittkamper's challenge and his subsequent litigation in the Indiana state courts could not have tolled the statute of limitations period. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007) (the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

● Wittkamper asserts that he is unlearned in the law, but his ignorance is not a sufficient basis on which to toll the running of the statute of limitations. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not justified by fact that petitioner simply did not know about AEDPA time limitation). To the extent that Wittkamper argues for a subjective standard in § 2244(d)(1), that is, the year to file a federal petition begins when a prisoner actually understands what legal theories are available, the Seventh Circuit has rejected this suggestion. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [petitioner's] case illustrates.").

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz*, 208 F.3d 357, 361 (2nd Cir. 2000). Wittkamper's petition for a writ of habeas corpus was filed after the statute of limitations had expired and his attempt to show otherwise is unpersuasive.

**E.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Wittkamper has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. Additionally, Wittkamper has committed

unexcused procedural default by failing to properly present his habeas claim to the Indiana state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999) (the federal habeas statute requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process"; this includes filing an application for discretionary appellate review with the State's highest court if that right is available by statute); *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990) (holding that illiteracy is not cause to overcome procedural default, citing with approval cases holding that ignorance of the law is not cause); *Rodriguez v. Maynard*, 948 F.2d 648 (9th Cir. 1991) (pro se status and lack of awareness and training in the law is not cause). His petition for a writ of habeas corpus is therefore dismissed as untimely and as barred by his unexcused procedural default.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Wittkamper has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/12/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana